IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **BROOKLYN JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MOLINA HEALTHCARE, INC., & MOLINA HEALTHCARE OF NEW MEXICO, INC.**<br><br>*Defendants*. | **Civil Action No. 1:20-cv-365**<br><br>**Jury Trial Demanded** |

## SECOND AMENDED CLASS & COLLECTIVE ACTION COMPLAINT[1]

Plaintiff Brooklyn Johnson ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against Molina Healthcare of New Mexico, Inc. and Molina Healthcare, Inc. (collectively, "Defendants"), and in support states the following:

**Background**

1. Defendants administer government sponsored health plans for Medicaid, Medicare and other government funded programs.

2. In providing healthcare coverage to members, Defendants review requests for services and makes coverage determinations based on medical necessity.

3. Defendants employed Plaintiff and other non-management employees whose primary job was to perform utilization reviews ("Utilization Review Employees").

---

[1] Counsel filed an incorrect redlined version of this document as ECF 1 and a complaint with an improper header as ECF 2. Counsel has spoken with the clerk who indicated that counsel should file an amended version of the complaint to address these issues and that the clerk would update the file accordingly. Counsel apologizes for this oversight and any confusion caused by the same.

1

4. Defendants used numerous job titles to refer to its Utilization Review Employees, including Care Review Clinician, Utilization Management (UM) Nurse, On Call UM Nurse, Concurrent Review Nurse, Clinical Review Coordinator, Utilization Manager and other similar titles.

5. Defendants paid Utilization Review Employees a salary.

6. Defendants' Utilization Review Employees regularly worked over 40 hours per week.

7. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 in an individual workweek.

8. The utilization reviews performed by Plaintiffs and other Utilization Review Employees consisted of reviewing health insurance benefit requests submitted on behalf of members against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

9. The Utilization Review Work performed by Utilization Review Employees is referred to as "Initial Clinical Review" by the Utilization Review Accreditation Commission (URAC).[2]

---

[2] See www.castleworldwide.com/idev/guidelines/ccnresources/URAC_Health_Plan_Guide_v7_3.pdf (hereinafter, "URAC Accreditation Guidelines"), p. 32 (URAC Accreditation Guidelines, defining "Initial Clinical Review" as the following: Initial Clinical Review: Clinical review conducted by appropriate licensed or certified health professionals. Initial clinical review staff may approve requests for admissions, procedures, and services that meet clinical review criteria, but must refer requests that do not meet clinical review criteria to peer clinical review for certification or non-certification. Sometimes referred to as "first level review.") (last visited April 12, 2020).

10. The URAC Health Plan Accreditation Guidelines explicitly provide that an "LPN/LVN meets the URAC definition of health professional and this licensure category may conduct initial clinical review."[3]

11. In fact, within the last three years, Defendants employed one or more Utilization Review Employees to perform Utilization Review Work who possessed (1) only LPN or LVN-level credentials; and (2) no other clinical certification, such as licensure as a Registered Nurse.

12. In performing their Utilization Review Work, Plaintiff could "approve requests for admissions, procedures, [or] services that meet … criteria," but was required to "refer requests that do not meet… criteria to peer clinical review."[4]

13. The Utilization Review Work performed by Plaintiff and other Utilization Review Employees was non-exempt work.

14. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Review Employees, who, due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

15. Plaintiff also brings class action claims under New Mexico state law under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq*.

16. Plaintiff brings her NMMWA claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay her and other Utilization Review Employees for all earned overtime pay.

---

[3] *See* URAC Guidelines, p. 344 (providing that an "LPN/LVN meets the URAC definition of health professional and this licensure category may conduct initial clinical review.") (last visited April 12, 2020).

[4] *Id.*

3

17. Defendants began classifying Utilization Review Employees as exempt from the NMMWA's overtime protections prior to April 12, 2017.

18. Defendants continue to classify all or some Utilization Review Employees as exempt from the NMMWA's overtime protections as of the date of this filing.

19. Because Defendants violated the NMMWA as part of a continued course of conduct, this action should encompass all violations that occurred as part of Defendants' continued course of conduct without regardless of the date on which they occurred pursuant to NMMWA § 50–4–32.

**The Parties**

20. Plaintiff worked for Defendants as a Utilization Review Employee in this District from November 2015 to April 2, 2019.

21. Defendant Molina Healthcare of New Mexico, Inc. is a New Mexico Corporation with its principal place of business in this District.

22. Defendant Molina Healthcare, Inc. is the parent company of Defendant Molina Healthcare of New Mexico, Inc.

23. Defendant Molina Healthcare, Inc. the parent company of Defendant Molina Healthcare of New Mexico, Inc.

24. Defendant Molina Healthcare, Inc. is a Delaware corporation with its principal place of business in Long Beach, California.

**Jurisdiction and Venue**

25. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

26. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District and substantial activities took place in Harrisburg, Pennsylvania related to Plaintiff's claim.

**Factual Allegations**

27. Plaintiff worked as a Utilization Review Employee for Defendants.

28. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

29. In fact, in performing her Utilization Review Work for Defendants, Plaintiff had authority to **approve** health insurance benefit requests that matched predetermined criteria, but did not have the authority to **deny** health insurance benefit requests that did not match the predetermined criteria for approval.[5]

30. The minimum clinical certification required to perform the Utilization Review Work performed by Plaintiff is Licensed Practical Nurse (LPN) or Licensed Vocational Nurse credentials.

31. In fact, URAC Health Plan Accreditation Guidelines explicitly provide that an "LPN/LVN meets the URAC definition of health professional and this licensure category may conduct initial clinical review."[6]

---

[5] *See e.g.* URAC Guidelines, p. 34.
[6] *See* URAC Guidelines, p. 344 (providing that an "LPN/LVN meets the URAC definition of health professional and this licensure category may conduct initial clinical review.") (last visited April 12, 2020).

32.     In fact, within the last two years, Defendants employed one or more Utilization Review Employees to perform Utilization Review Work who possessed (1) only LPN-level credentials; and (2) no other clinical certification, such as Registered Nurse licensure.

33.     During her employment, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or health plan participants to treat medical or psychological conditions.

34.     During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health problems.

35.     During her employment, Plaintiff's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical conditions or ailments.

36.     During her employment, Plaintiff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether patients were receiving medical services, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

37. During her employment, Defendants required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendants' computer software.

38. The policies, procedures, and guidelines followed by Plaintiff in performing Utilization Review Work for Defendants were designed to comply with the accreditation guidelines for a national accreditation organization.

39. During her employment, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Utilization Review Work.

40. During her employment, Plaintiffs job duties did not involve creating or drafting any corporate policies, procedures or guidelines of any kind for either Defendants or Defendants' employees.

41. Defendants suffered Plaintiff to work over 40 hours in one or more individual workweeks during the last three years.

42. During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

43. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

44. Defendants classified Plaintiff as exempt from the overtime provisions of the NMMWA.

45. Defendants paid Plaintiff a salary.

46. When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

47. During her employment, Plaintiff was an "employee" of Defendant Molina Healthcare, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

48. During her employment, Plaintiff was an "employee" of Defendant Molina Healthcare of New Mexico, Inc. as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

49. During her employment, Defendant Molina Healthcare, Inc. was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

50. During her employment, Defendant Molina Healthcare of New Mexico, Inc. was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

51. Defendant Molina Healthcare, Inc. is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

52. Defendant Molina Healthcare, Inc. is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

53. Defendant Molina Healthcare, Inc. made more than $500,000 in sales made or business done in each of the last three calendar years.

54. Defendant Molina Healthcare of New Mexico, Inc. is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

55. Defendant Molina Healthcare of New Mexico, Inc. is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

56. Defendant Molina Healthcare of New Mexico, Inc. made more than $500,000 in sales made or business done in each of the last three calendar years.

57. During her employment, Plaintiff was an "employee" of Defendant Molina Healthcare, Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

58. During her employment, Defendant Molina Healthcare, Inc. was Plaintiff's "employer" as defined under the FLSA in § 203(d).

59. During her employment, Plaintiff was an "employee" of Defendant Molina Healthcare of New Mexico, Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

60. During her employment, Defendant Molina Healthcare of New Mexico, Inc. was Plaintiff's "employer" as defined under the FLSA in § 203(d).

**Collective Action Allegations**

61. Plaintiff brings her FLSA claims as a collective action.

62. Plaintiff's consent form to participate in this collective action as a Party Plaintiff is attached to this Complaint as Exhibit A.

63. The collective action is defined as follows:

All individuals employed by Defendants as Utilization Review Employees in the last three years who were paid a salary and classified as exempt ("Collective Action Members").

64. Plaintiff is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

65. In the last three years, Defendants employed individuals who performed the same primary duties as Plaintiffs.

66. Of Defendants' employees who performed the same primary job duties as Plaintiff in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

67. Of Defendants' employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

68. Defendants maintained one or more common job descriptions for Utilization Review Employees.

69. Defendants have the names and addresses for potential Collective Action Members in its payroll or personnel records.

70. Defendants have email addresses for potential Collective Action Members in its payroll or personnel records.

71. Defendants have phone numbers for potential Collective Action Members in its payroll or personnel records.

72. Defendants were aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Collective Action Allegations**

73. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

> All individuals employed by Defendants as Utilization Review Employees in New Mexico who were paid on a salary basis and classified as exempt since the time Defendants began classifying Utilization Review Employees in New Mexico as exempt from overtime (the "Class").

74. The Class has more than 40 members.

75. As a result, the Class is so numerous that joinder of all members is not practical.

76. There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendants violated the NMMWA by

refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Class as exempt from the overtime provisions of the NMMWA.

77. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendants' uniform compensation practices.

78. Defendants' defenses to Plaintiff's NMMWA claims are typical of their defenses to those of the Class because they are grounded in the same compensation practices.

79. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

80. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

81. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

82. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

83. Plaintiff and the members of the Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

84. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendants.

85. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

86. The books and records of Defendants are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

87. Plaintiff incorporates here the previous allegations of this Complaint.

88. This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

89. Plaintiff was not exempt from the overtime provisions of the FLSA.

90. Collective Action Members were not exempt from the overtime provisions of the FLSA.

91. Plaintiff was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

92. Other Collective Action Members were directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

93. Defendants paid Plaintiff a salary and no overtime compensation.

94. Defendants paid other Collective Action Members a salary and no overtime compensation.

95. Defendants violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

96. Defendants violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

97. Defendants' failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seek a judgment against Defendants as follows:

    A.    An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

    B.    All unpaid overtime wages due to Plaintiff and the Collective Action Members;

    C.    Pre-judgment and post-judgment interest;

    D.    Liquidated damages equal to the unpaid overtime compensation due;

    E.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

    F.    Such other relief as the Court deems appropriate.

### COUNT II
### NMMWA – Failure to Pay Overtime
### (Class Action)

98. Plaintiff incorporates here the previous allegations of this Complaint.

99. This count arises from Defendants' violations of the NMMWA by failing to pay overtime to Plaintiff and the Class when they worked over 40 hours in individual workweeks.

100. Defendants classified Plaintiff as exempt from the overtime provisions of the NMMWA.

101. Defendants classified the Class as exempt from the overtime provisions of the NMMWA.

102. Plaintiff was not exempt from the overtime provisions of the NMMWA.

103. The class was not exempt from the overtime provisions of the NMMWA.

104. Defendants suffered Plaintiff to work over 40 hours in individual workweeks.

105. Defendants violated the NMMWA by failing to pay Plaintiffs and the Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

106. Defendants violated the NMMWA as part of a continued course of conducts as defined by the NMMWA in N.M. Stat. Ann. in § 50-4-19.

WHEREFORE, Plaintiff, on behalf of herself and the Class, seeks a judgment against Defendants as follows:

    A.    All unpaid overtime wages due to Plaintiff and the Class;

    B.    Treble damages equal to double the unpaid overtime compensation due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other relief as this Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

                        Respectfully submitted,

/s/ Jack Siegel
JACK L. SIEGEL
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

\**Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and Others Similarly Situated**