UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BROOKLYN JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>          Plaintiff,<br><br>v.<br><br>MOLINA HEALTHCARE, INC. & MOLINA HEALTHCARE OF NEW MEXICO, INC.,<br><br>          Defendants. | Civil Action No. 1:20-CV-00365 |

## ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS & COLLECTIVE ACTION COMPLAINT ON BEHALF OF DEFENDANTS MOLINA HEALTHCARE, INC. AND MOLINA HEALTHCARE OF NEW MEXICO, INC.

Defendants Molina Healthcare, Inc. ("MHI") and Molina Healthcare of New Mexico, Inc. ("MHNM" and, collectively with MHI, "Defendants"), by and through their attorneys, Greenberg Traurig, LLP, state in Answer to Plaintiff's Second Amended Class & Collective Action Complaint (the "Complaint"):

## AS TO THE BACKGROUND

1.     Defendants admit the allegations contained in paragraph 1.

2.     Defendants admit the allegations contained in paragraph 2.

3.     Except to admit that MHNM formerly employed Plaintiff and MHI currently employs Plaintiff, Defendants deny the allegations contained in paragraph 3.

4.     Defendants deny the allegations contained in paragraph 4.

5.     Defendants deny the allegations contained in paragraph 5.

6.     Defendants deny the allegations contained in paragraph 6.

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants admit the allegations contained in paragraph 8.

9.      Except to admit that Plaintiff purports to define "Utilization Review Work" by referring to the URAC Accreditation Guidelines, the content of which speaks for itself, Defendants deny the allegations contained in paragraph 9.

10.     Except to admit that Plaintiff refers to the URAC Accreditation Guidelines, the content of which speaks for itself, Defendants deny the allegations contained in paragraph 10.

11.     Defendants deny the allegations contained in paragraph 11.

12.     Except to admit that Plaintiff refers to the URAC Accreditation Guidelines, the content of which speaks for itself, Defendants deny the allegations contained in paragraph 12.

13.     The allegations contained in paragraph 13 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 13.

14.     Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., but deny there exists any basis in law or fact for Plaintiff's claims.  Defendants further specifically deny the existence of any such "collective" and deny that Plaintiff or any member of the alleged collective of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

15.     Defendants admit that Plaintiff purports to bring this action pursuant to the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, et seq. ("NMMWA"), but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

- 2 -

16.     Defendants admit that Plaintiff purports to bring this action pursuant to the NMMWA and Fed. R. Civ. P. 23(b)(3) and 23(c)(4), but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further admit that Plaintiff purports to bring a class action on her behalf and on behalf of a purported "class" of individuals, but deny there exists any basis in law or fact for Plaintiff's claims.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants deny the allegations contained in paragraph 18.

19.     The allegations contained in paragraph 19 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 19.  Defendants further specifically deny having engaged in any unlawful conduct.

## AS TO THE PARTIES

20.     Except to admit that MHNM formerly employed Plaintiff, Defendants deny the allegations contained in paragraph 20.

21.     Except to admit that MHNM is a New Mexico corporation, the remaining allegations contained in paragraph 21 call for a legal conclusion and, therefore, no response is required.

22.     Defendants admit the allegations contained in paragraph 22.

23.     Defendants admit the allegations contained in paragraph 23.

24.     Except to admit that MHI is a Delaware corporation, the remaining allegations contained in paragraph 24 call for a legal conclusion and, therefore, no response is required.

- 3 -

## AS TO JURISDICTION AND VENUE

25.     The allegations contained in paragraph 25 call for a legal conclusion and, therefore, no response is required.

26.     The allegations contained in paragraph 26 call for a legal conclusion and, therefore, no response is required.

## AS TO THE FACTUAL ALLEGATIONS

27.     Except to admit that MHNM formerly employed Plaintiff and MHI currently employs Plaintiff, Defendants deny the allegations contained in paragraph 27.

28.     Defendants deny the allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in paragraph 29.

30.     Defendants deny the allegations contained in paragraph 30.

31.     Except to admit that Plaintiff refers to the URAC Accreditation Guidelines, the content of which speaks for itself, Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Except to admit that MHNM did not employ Plaintiff to perform bedside nursing activities, Defendants deny the allegations contained in paragraph 33.

34.     Except to admit that MHNM did not employ Plaintiff to perform clinical nursing activities, Defendants deny the allegations contained in paragraph 34.

35.     Except to admit that MHNM did not employ Plaintiff to make patient treatment decisions, Defendants deny the allegations contained in paragraph 35.

36.     Except to admit that MHNM did not employ Plaintiff to perform clinical nursing activities, Defendants deny the allegations contained in paragraph 36.

*ACTIVE 50296592v1*

37.     Except to admit that Defendants maintained policies and procedures respecting the terms and conditions of their respective employees' employment, Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants admit the allegations contained in paragraph 39.

40.     Defendants admit the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

44.     Defendants deny the allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Defendants deny the allegations contained in paragraph 46.

47.     The allegations contained in paragraph 47 call for a legal conclusion and, therefore, no response is required.

48.     The allegations contained in paragraph 48 call for a legal conclusion and, therefore, no response is required.

49.     The allegations contained in paragraph 49 call for a legal conclusion and, therefore, no response is required.

50.     The allegations contained in paragraph 50 call for a legal conclusion and, therefore, no response is required.

51.     The allegations contained in paragraph 51 call for a legal conclusion and, therefore, no response is required.

*ACTIVE 50296592v1*

52.     The allegations contained in paragraph 52 call for a legal conclusion and, therefore, no response is required.

53.     Defendants admit the allegations contained in paragraph 53.

54.     The allegations contained in paragraph 54 call for a legal conclusion and, therefore, no response is required.

55.     The allegations contained in paragraph 55 call for a legal conclusion and, therefore, no response is required.

56.     Defendants admit the allegations contained in paragraph 56.

57.     The allegations contained in paragraph 57 call for a legal conclusion and, therefore, no response is required.

58.     The allegations contained in paragraph 58 call for a legal conclusion and, therefore, no response is required.

59.     The allegations contained in paragraph 59 call for a legal conclusion and, therefore, no response is required.

60.     The allegations contained in paragraph 60 call for a legal conclusion and, therefore, no response is required.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

61.     Defendants admit that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, but deny there exists any basis in law or fact for Plaintiff's claims.   Defendants further specifically deny the existence of any such "collective" and deny that Plaintiff or any member of the alleged collective of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

*ACTIVE 50296592v1*

62.     Defendants admit that Plaintiff Brooklyn Johnson attached to the Complaint what purports to be a Notice of Consent, the content of which speaks for itself.

63.     Defendants admit that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, but deny there exists any basis in law or fact for Plaintiff's claims.  Defendants further specifically deny the existence of any such "collective" and deny that Plaintiff or any member of the alleged collective of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

64.     The allegations contained in paragraph 64 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, but deny there exists any basis in law or fact for Plaintiff's claims.  Defendants further specifically deny the existence of any such "collective" and deny that Plaintiff or any member of the alleged collective of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Except to admit that Defendants maintain contact information regarding their respective employees and that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, Defendants deny the allegations contained in paragraph 69.

70.     Except to admit that Defendants maintain contact information regarding their respective employees and that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, Defendants deny the allegations contained in paragraph 70.

71.     Except to admit that Defendants maintain contact information regarding their respective employees and that Plaintiff purports to bring a collective action on her behalf and on behalf of a purported "collective" of individuals, Defendants deny the allegations contained in paragraph 71.

72.     The allegations contained in paragraph 72 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 72.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

73.     Defendants admit that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23, but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further admit that Plaintiff purports to bring a class action on her behalf and on behalf of a purported "class" of individuals, but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

74.     Defendants deny the allegations contained in paragraph 74. Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

- 8 -

75.     The allegations contained in paragraph 75 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 75. Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

76.     Defendants deny the allegations contained in paragraph 76.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

77.     Defendants deny the allegations contained in paragraph 77.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

78.     Defendants deny the allegations contained in paragraph 78.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

79.     The allegations contained in paragraph 79 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 79.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

ACTIVE 50296592v1

80.     The allegations contained in paragraph 80 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 80.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

81.     The allegations contained in paragraph 81 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 81.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

82.     The allegations contained in paragraph 82 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 82.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

83.     The allegations contained in paragraph 83 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 83.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

84.     Defendants deny the allegations contained in paragraph 84.  Defendants further specifically deny the existence of any such "class" and deny that Plaintiff or any member of the

*ACTIVE 50296592v1*

alleged class of individuals Plaintiff purports to represent is entitled to any of the relief sought in the Complaint.

85.    Defendants deny the allegations contained in paragraph 85.

86.    The allegations contained in paragraph 86 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 86.

## AS TO COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

87.    Defendants repeat and reallege their responses to paragraphs 1 through 86 as if fully set forth at length herein.

88.    Defendants deny the allegations contained in paragraph 88.

89.    The allegations contained in paragraph 89 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 89.

90.    The allegations contained in paragraph 90 call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 90.

91.    Defendants deny the allegations contained in paragraph 91.

92.    Defendants deny the allegations contained in paragraph 92.

93.    Defendants deny the allegations contained in paragraph 93.

94.    Defendants deny the allegations contained in paragraph 94.

95.    Defendants deny the allegations contained in paragraph 95.

96.    Defendants deny the allegations contained in paragraph 96.

*ACTIVE 50296592v1*

97.     Defendants deny the allegations contained in paragraph 97.

Respecting the allegations contained in the un-numbered WHEREFORE clause, Defendants admit that Plaintiff purports to seek damages and other legal relief as set forth in sub-parts "A" through "F", but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further expressly deny having engaged in any unlawful conduct.

## AS TO COUNT II
### NMMWA - Failure to Pay Overtime
### (Class Action)

98.     Defendants repeat and reallege their responses to paragraphs 1 through 97 as if fully set forth at length herein.

99.     Defendants deny the allegations contained in paragraph 99.

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

102.    The allegations contained in paragraph 102 call for a legal conclusion and, therefore, no response is required.

103.    The allegations contained in paragraph 103 call for a legal conclusion and, therefore, no response is required.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

Respecting the allegations contained in the un-numbered WHEREFORE clause, Defendants admit that Plaintiff purports to seek damages and other legal relief as set forth in sub-parts "A" through "D", but deny there exists any basis in law or fact for Plaintiff's claims. Defendants further expressly deny having engaged in any unlawful conduct.

- 12 -

**WHEREFORE**, Defendants request judgment in their favor dismissing the Second Amended Class and Collective Action Complaint against them in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

*ACTIVE 50296592v1*

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Second Amended Class and Collective Action Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has waived any claim she may have, which is denied, to seek relief against Defendants.

### THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### FOURTH SEPARATE DEFENSE

The Second Amended Class and Collective Action Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH SEPARATE DEFENSE

Recovery on the Second Amended Class and Collective Action Complaint is barred because Plaintiff is not entitled to overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, et seq., and their corresponding regulations and/or other applicable law.

### SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to some or all of the relief sought in the Second Amended Class and Collective Action Complaint because Defendants' actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to Plaintiff's legal rights.

*ACTIVE 50296592v1*

## SEVENTH SEPARATE DEFENSE

Payment has been made to Plaintiff for all sums which may have been due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, et seq., and their corresponding regulations and/or other applicable law.

## EIGHTH SEPARATE DEFENSE

Some or all of Plaintiff's claims, if any (which is denied), may be subject to the *de minimis* rule because they involved insignificant amounts of overtime.

## NINTH SEPARATE DEFENSE

Plaintiff and/or some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

## TENTH SEPARATE DEFENSE

Plaintiff cannot satisfy the requirements of a class or collective action.

## ELEVENTH SEPARATE DEFENSE

This action may not properly be maintained as a class or collective action because the Second Amended Class and Collective Action Complaint fails to state facts sufficient to establish an ascertainable class.

## TWELFTH SEPARATE DEFENSE

Some or all of the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied.

- 15 -

## THIRTEENTH SEPARATE DEFENSE

Plaintiff is an inadequate representative of some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied.

## FOURTEENTH SEPARATE DEFENSE

The damages claimed by Plaintiff and members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, are barred because they are speculative and remote.

## FIFTEENTH SEPARATE DEFENSE

Some or all of the claims asserted in the Second Amended Class and Collective Action Complaint are barred because a "class" or collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to raise some or all of the claims of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff and all members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, have received payment in full for any wages due and owing.

## EIGHTEENTH SEPARATE DEFENSE

With respect to some or all claims brought or allegedly brought by Plaintiff and/or members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §201 et seq., the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, et seq., and their corresponding regulations, and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

**NINETEENTH SEPARATE DEFENSE**

Certain of the interests of Plaintiff are in conflict with the interests of some or all of the members of the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff and the alleged "class" of individuals Plaintiff purports to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

**TWENTY-FIRST SEPARATE DEFENSE**

No employer-employee relationship exists between Plaintiff and Defendants jointly.

**TWENTY-SECOND SEPARATE DEFENSE**

Defendants are informed and believe and based thereon allege that Plaintiff lacks standing, and Plaintiff is thereby barred from asserting any claim against Defendants.

**WHEREFORE**, Defendants Molina Healthcare, Inc. and Molina Healthcare of New Mexico, Inc., request judgment in their favor dismissing the Second Amended Class and Collective Action Complaint against them in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

*ACTIVE 50296592v1*

Dated: May 28, 2020    By: */s/ Robert H. Bernstein*  
          Robert H. Bernstein, Esq.
          **GREENBERG TRAURIG, LLP**
          500 Campus Drive
          Florham Park, New Jersey 07932-0677
          Telephone: (973) 360-7900
          Facsimile:  (973) 295-1362
          Email: bernsteinrob@gtlaw.com
          *Attorneys for Defendants*

*ACTIVE 50296592v1*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused to be electronically filed **DEFENDANTS'**

**ANSWER AND SEPARATE DEFENSES** with the Clerk of Court using the CM/ECF system

which will send e-mail notification of such filing to the following attorneys of record:

> **Jack L. Seigel, Esq.**
> **Siegel Law Group PLLC**
> **4925 Greenville, Suite 600**
> **Dallas, TX 75206**
>
> **Travis M. Hedgpeth**
> **The Hedgpeth Law Firm, PC**
> **3050 Post Oak Blvd., Suite 510**
> **Houston, TX 77056**
> travis@hedgpethlaw.com
> **Attorneys for Plaintiff**

Dated: May 28, 2020                    By: */s/ Robert H. Bernstein*
                                           ROBERT H. BERNSTEIN

*ACTIVE 50296592v1*