IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BROOKLYN JOHNSON, *Individually and*
*on Behalf of all Others Similarly Situated*,

      Plaintiffs,

v.                                                                                                              No. 1:20-cv-365 MLG/KRS

MOLINA HEALTHCARE, INC., and
MOLINA HEALTHCARE OF NEW MEXICO, INC.,

      Defendants.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER is before the Court on the parties' Joint Motion to Approve Settlement Agreement. (Doc. 73). The presiding judge referred the Motion to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to consider and recommend resolution of the Motion. (Doc. 74). On November 15, 2023, the Court held a hearing on the Motion, and counsel for both parties were present. Having considered the Joint Motion to Approve Settlement Agreement, the Settlement Agreement, and the statements of counsel at the November 15, 2023 hearing, the Court is satisfied that the settlement reached is a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act and recommends the Motion be granted.

Plaintiff brought claims under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"), claiming Defendant incorrectly classified her as exempt from overtime requirements and did not properly pay her for overtime hours. The parties note that courts in this District have held that judicial approval is not required for FLSA settlements "where the parties' agreement resolves bona fide disputes regarding the amount of hours worked or compensation due rather than waiving or releasing the employee's substantive rights under the Act." (Doc. 73) at 2; quoting *Riley v. D. Loves Rests., LLC*, 2021 WL 1310973,

at *4 (D.N.M.) (concluding that court need not approve private settlement of bona fide dispute regarding FLSA liability); *Lawson v. Procare CRS, Inc.*, 2019 WL 112781, at *2-3 (N.D. Okla.) (same); *Fails v. Pathway Leasing LLC*, 2018 WL 6046428, at *2-4 (D. Colo.) (same). Nevertheless, "there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court." *Coronado v. Flowers Foods, Inc.,* 2022 WL 2048481, at *1 (D.N.M.) (citation omitted); *see also Slaughter v. Sykes Enters., Inc.*, 2019 WL 529512, at *6 (D. Colo.) (holding that, even if court approval is not required, a court may review a settlement upon request of the parties). Since the parties here request court approval, the Court will apply the standard used by district courts in the Tenth Circuit to review FLSA settlements. *See Coronado*, 2022 WL 2048481, at *1 (proceeding to review FLSA settlement at request of parties).

To approve a settlement under the FLSA "the district court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains an award of reasonable attorney fees." *Id*. In applying this analysis, the court should examine whether: (1) the settlement was achieved in an adversarial context; (2) the plaintiffs are represented by attorneys who can protect their rights; (3) the settlement reflects a reasonable compromise over issues that actually are in dispute; and (4) the settlement [is] fair." *Geiger v. Z-Ultimate Self Def. Studios LLC*, 2017 WL 11550109, at *2 (D. Colo.)

Here, the Court finds this litigation involves a bona fide dispute in an adversarial context, in which Plaintiff filed a lengthy complaint in federal court asserting claims of misclassification and failure to pay overtime under the FLSA and NMMWA. Defendant denied Plaintiff's allegations and asserted a number of affirmative defenses. Both parties were at all times

represented by experienced counsel fully conversant in wage and hour litigation and issues. Additionally, the settlement reflects a reasonable, arms-length compromise on issues that were genuinely in contention. And finally, the proposed settlement agreement is fair and includes a reasonable award of Plaintiff's attorneys' fees and costs.

    IT IS THEREFORE RECOMMENDED that the Joint Motion to Approve Settlement Agreement, (Doc. 73), be GRANTED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**